By the Court. Woodruff, J.
The plaintiff, if not informed by the nature of the defendants’ business, was notified, when he paid for the goods, that they were acting, in making the sale, as the agents for Edgerton & Co. He received from the defendants an order addressed to that firm for the brandy sold. On the negotiation which ensued, and in view'of the alleged difficulty , in delivering, in Hew York, the particular brandy sold, he con *612 sented to receive from Edgerton & Co., and they agreed to pay to him the amount of the duties, and that the brandy be shipped under bond to New Orleans, where he might pay the duties, and receive the goods, or he might export them without such payment, as he should prefer: and by his direction, they (Edgerton ' & Co.) undertook to ship the brandy to him, at New Orleans, in bond, and subject to debenture, or to exoneration from duties, if not landed there; and this was done. If the agents were, in the first instance, liable, personally, upon the contract of sale, this treating with Edgerton and Co., the actual principals, with knowledge of the agency, and the entry, by Edgerton & Co., upon the substituted performance directed by the plaintiff, discharged the defendants from any further responsibility.
. The same result follows, if the agency of the defendants be laid out of view; for, although the defendants were, in such case, bound to deliver the brandy according to the terms of sale, still, if the plaintiff accepted an order on Edgerton & Co. for the brandy—entered upon the negotiation with them, and agreed to accept the duties, and receive the brandy in New Orleans, and directed the same to be shipped, and the brandy was shipped, in conformity with his directions, the defendants were discharged. From the time of the acceptance of their order upon Edgerton & Co., requiring á delivery of the goods according to the terms of sale, the defendants’ relation to the transaction so far partook of the nature of a suretyship-for such delivery, that a dealing by the purchaser with the persons on whom the order was drawn, and the making of a new contract with them, terminated all liability on the part of the defendants. In this aspect of the case, the defendants became liable to Edgerton & Co., who acted upon the defendants’ order, and satisfied it by brandy, delivered according to the plaintiff’s express direction.
The countermand given by the plaintiff of his directions to ship the brandy, came too late to affect the defendants, or re-instate the plaintiff in his original claim to enforce the contract of sale against them. The order was given to the plaintiff the 18th of October. Prior to the 21st, he had presented it, and made the arrangement referred to ; and in pursuance of that arrangement, Edgerton & Co., on the 21st, entered the goods for withdrawal from store and exportation, and gave the bond required by law, *613 that they should not be landed without the payment of duties, upon which a permit was issued for the shipment of the goods, under the direction of the custom-house officer whose duty it was to ship the goods. This was sufficient to conclude the plaintiff. Edgerton "& Co. had then changed their relation to the property, and entered into new obligations at the custom-house—• the plaintiff’s directions were no longer revocable: his change of purpose. was not announced until after all this had been done.
If it were conceded, that, as the party then actually entitled to the control of the brandy, he might even then have required Edgerton & Co. to give him an order for the goods, or such control thereof as would have enabled him to enter the goods again, for consumption or warehousing, at this port; that was a matter with which the defendants had nothing to do; it was to be done between him and Edgerton & Co.
Besides, he was not shown to have made any such request.
The brandy accordingly was shipped, in conformity with his instructions, and made, by the bill of lading, deliverable to him at New Orleans, as directed.
No further responsibility rested upon the defendants, and the referee should have so found.
Upon these facts there is no conflict of evidence.
The judgment should be reversed, and a new trial ordered— costs to abide the event.
Ordered accordingly.